Bushnell et al. v. Chester, 203 Ill. App. 229.

evidence is insufficient to constitute a certificate of evidence where it is not stated anywhere in it or in the certificate of the trial judge thereto that it contains all the evidence in the case.

———

**D. I. Bushnell and R. W. Pommer, partners, trading as D. I. Bushnell & Company, Plaintiffs in Error, v. Henry H. Chester, trading as H. H. Chester & Company, Defendant in Error.**

**Gen. No. 21,573.  (Not to be reported in full.)**

Error to the Municipal Court of Chicago; the Hon. EDMUND K. JARECKI, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1915. Affirmed. Opinion filed January 17, 1917. Rehearing denied January 29, 1917.

### Statement of the Case.

Action by D. I. Bushnell and R. W. Pommer, partners, trading as D. I. Bushnell & Company, plaintiffs, against Henry H. Chester, trading as H. H. Chester & Company, defendant, to recover the sum of $566.50 as damages alleged to have been sustained by reason of defendant's failure to carry out a written contract for the sale of onion sets. From a judgment for costs in favor of defendant, plaintiffs bring error.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

ASHCRAFT & ASHCRAFT, for plaintiffs in error; CHARLES F. RATHBUN, of counsel.

EBEN F. RUNYAN, for defendant in error.

MR. PRESIDING JUSTICE O'CONNOR delivered the opinion of the court.

## Abstract of the Decision.

1. SALES, § 366*—*when fact that onion sets are not actually screened through sieve of required dimension does not bar recovery for breach of contract.* Where a contract for the sale of a specified quantity of onion sets of specified varieties provides that the sets shall be screened through a sieve with a mesh of a specified dimension, the mere fact that the sets are not actually screened through a sieve with a mesh of such required dimension does not bar a recovery if the sets are of the size called for by the contract.

2. SALES—*when contract may not be rescinded.* A slight or partial neglect on the part of one of the parties to a contract of sale to observe some of the terms or conditions thereof will not justify the other party in at once abandoning the agreement.

3. SALES, § 373*—*when evidence is sufficient to. show that contract is substantially performed.* In an action by .the purchaser of onion sets against the seller for breach of contract where it appeared that defendant agreed to sell a specified quantity of onion sets of a specified variety which were to be screened through a one-inch mesh sieve and plaintiff refused to accept the first shipment merely on the ground that a few were too large, whereupon defendant refused to ship any more, evidence *held* sufficient to show that the contract was substantially complied with.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.